UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIDLAND NATIONAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                              Case No. 8:18-cv-562-T-33CPT

KAREN L. BURGESS,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Midland National Life Insurance Company's Motion for Default Judgment (Doc. # 18), which was filed on May 10, 2018. For the reasons that follow, the Court grants the Motion.

**I.**    **Legal Standard**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil

Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)(citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**II.  Background**

Midland initiated this action against Defendant Karen L. Burgess on March 8, 2018. (Doc. # 1). Therein, Midland seeks rescission of a life insurance policy of which Ms. Burgess is the beneficiary, and a declaration that the policy is void ab initio and that Midland has no obligation or liability other than the refund of premiums paid since the policy was reinstated. As alleged in the Complaint, Midland is a citizen of Iowa, Ms. Burgess is a citizen of Florida, and the amount in controversy exceeds $75,000. (Id. at 1). Therefore, this Court has jurisdiction based on diversity of citizenship.

Midland served Ms. Burgess on April 12, 2018, making Ms. Burgess's response to the Complaint due May 3, 2018. (Doc. # 12). After Ms. Burgess failed to appear or respond to the Complaint, Midland applied for entry of Clerk's default. (Doc. # 15). Clerk's default was entered on May 8, 2018. (Doc. # 17). Midland has now moved for entry of default judgment. (Doc. # 18). Based upon the Clerk's default and the Complaint's well-pled factual allegations, Midland has established the following facts.

Ms. Burgess was the primary beneficiary of a life insurance policy, policy **7292, issued to her husband, Mr. Burgess. (Doc. # 1 at ¶ 5). Due to nonpayment or premiums, the policy "entered a grace period in or about February of 2017." (Id. at ¶ 8). The required premium payment was not made during the grace period, so the policy lapsed and coverage terminated. (Id. at ¶ 9). But Midland "subsequently sent [Mr. Burgess] the paperwork required to seek reinstatement of the policy." (Id. at ¶ 10).

Mr. Burgess completed the reinstatement application in May of 2017. (Id. at ¶ 11). But Mr. Burgess's application contained various false statements or misrepresentations about his health. (Id. at ¶¶ 12-20, 26-27). For example, Mr.

Burgess gave false answers to the following questions, among others:

> 13. In the past 10 years, has any person proposed for insurance been diagnosed by a licensed medical professional, treated or advised to get medical treatment from a licensed medical professional, hospitalized, or presently taking prescription(s) for any of the following disease(s) or disorder(s):
>
> a. Angina, chest pain, heart attack, heart failure, heart surgery, irregular heartbeat, abnormal EKG, coronary artery bypass, angioplasty, stents, peripheral vascular disease, poor circulation, valvular heart disease, cardiomyopathy or heart murmur?
>
> b. High blood pressure, hypertension or abnormal cholesterol levels?
>
> 14. Other than indicated above, has any person proposed for insurance:
>
> a. In the past 5 years, been diagnosed, treated or advised to get medical treatment from a licensed medical professional for any mental or physical disorder or medically or surgically treated condition not listed above?
>
> 15. Is any person proposed for insurance currently taking any prescription medications, herbal remedies or non-prescription medications for any disease or disorder not listed above? If yes, list the medications and remedies and the reason for which they are taken.

(Id. at ¶¶ 15-17). Mr. Burgess "disclosed no significant medical information in the reinstatement application." (Id. at ¶ 20).

The policy was reinstated in June of 2017 and Mr. Burgess passed away later that month. (Id. at ¶¶ 21, 23). Ms. Burgess

then submitted a claim on the policy in July of 2017. (Id. at ¶ 24). Because the claim was made within two years of the policy's reinstatement, the policy is contestable and Midland "conducted a routine investigation into [Mr. Burgess's] representations in the reinstatement application." (Id. at ¶¶ 22, 25).

During its investigation, Midland discovered the false statements and misrepresentations, which it had not known about when it reinstated the policy. (Id. at ¶¶ 26-28). Had Midland "known the true facts pertaining to [Mr. Burgess's] medical and health history, it would not have issued the policy on reinstatement, but would have declined coverage." (Id. at ¶ 29). So, Midland sent Ms. Burgess a letter on March 6, 2018, notifying her that "it was exercising its right to rescind the policy." (Id. at ¶ 32). Midland returned "the premiums paid related to the policy following the policy's reinstatement plus interest" to Ms. Burgess on March 7, 2018. (Id.).

### III. Analysis

"Under Florida law, if an insured has made a misrepresentation in an application for insurance, and the insurer with full disclosure would not have issued a policy or would not have issued one under the same terms, then

5

'rescission of the policy by the insurer is proper.'" USAA Life Ins. Co. v. Magana, No. 5:17-cv-15-JSM-PRL, 2017 WL 1289846, at *2 (M.D. Fla. Apr. 4, 2017)(quoting Alpha Prop. & Cas. Ins. Co. v. Bouassria, No. 3:14-cv-278-J-32MCR, 2015 WL 2342969, *3–4 (M.D. Fla. May 14, 2015)). "A misrepresentation need not be made knowingly in order to void an insurance policy." USAA Life Ins. Co., 2017 WL 1289846, at *2 (citation and internal quotation marks omitted). "Misrepresentations related to an insured's medical history or condition obviously affect an insurer's risk in issuing a life insurance policy and may be found to be material as a matter of law." Mims v. Old Line Life Ins. Co. of Am., 46 F. Supp. 2d 1251, 1256 (M.D. Fla. 1999). A reinstated insurance policy may be rescinded if it has been in force during the lifetime of the insured for under two years from the reinstatement date. See Fla. Stat. §§ 627.472, 627.455.

Here, Midland has shown that material misrepresentations were made in the application for reinstatement of the life insurance policy and that, had Midland known the truth, it would not have reinstated the policy. Therefore, the Court grants the Motion for Default Judgment and finds that Midland is entitled to rescission of the policy and declares the policy void ab initio. See USAA Life Ins. Co. v. Magana, 2017

WL 1289846, at *2 (granting motion for default judgment and stating "the Complaint states a cause of action for rescission under Florida law and its admitted factual allegations together with the undisputed evidence entitle USAA Life to a default final judgment deeming the Policy void ab initio"). Midland has no obligation or liability under the policy other than to refund premiums paid after reinstatement, which Midland has already done.

As Midland seeks only rescission and a declaration that the policy is void ab initio, no evidentiary hearing is required. See Lincoln Nat'l Life Ins. Co. v. Variola, No. 8:13-cv-01310-JDW-EAJ, 2013 WL 12157847, at *1 (M.D. Fla. Aug. 13, 2013)(granting default judgment in life insurance rescission case and stating "[s]ince Plaintiff seeks only declaratory relief, an evidentiary hearing is therefore not required under Federal Rule of Civil Procedure 55(b)").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Midland National Life Insurance Company's Motion for Default Judgment (Doc. # 18) is **GRANTED.**

(2) The policy is rescinded and void ab initio.

(3) The Clerk is directed to enter default judgment in favor

of Midland and against Defendant Karen L. Burgess. Thereafter, the Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of May, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE